# Independent Credit Company v. South Chicago City Railway Company.

## Gen. No. 12,405.

1. WAGES—*right of assignee of, to maintain action for.* The assignee of wages earned and to be earned has the right to maintain for its use an action against the debtor in the name of the creditor.

2. WAGES—*injunction does not lie to restrain assignee of, to sue for.* Injunction does not lie to restrain the assignee of wages earned and to be earned from suing the employer in the name of the employee from time to time as the wages accrue.

3. TENDER—*does not extinguish debt.* The tender of an amount due or claimed to be due, where not accepted, does not extinguish the obligation nor affect the right of the creditor to maintain an action thereon.

4. CAUSE OF ACTION—*creditor cannot split.* A creditor cannot split an entire cause of action and maintain several suits thereon.

Injunctional proceeding. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed. Opinion filed October 6, 1905.

**Statement by the Court.** The bill in this case was filed by South Chicago City Railway Company against Independent Credit Company and Edward L. Shover. It alleges the recovery by Shover of a judgment against complainant for· the use of said Credit Company for $40, upon an assignment by Shover to said Credit Company of his earned and unearned wages from said Railway Company as security for an usurious loan of money from the Credit Company to Shover; that certain payments had been made by Shover to said Credit Company, leaving the balance due said Company $15.50; that prior to the bringing of said bill Shover tendered to said Credit Company $18.50, the full amount remaining due upon said loan with legal interest thereon, which tender was rejected, and that Shover is still willing and ready to pay in extinction of said loan the balance remaining unpaid with legal interest thereon.

The prayer of the bill was that said judgment be set aside and vacated; that the Credit Company and Shover be enjoined from enforcing said judgment and from bringing

596        APPELLATE COURTS OF ILLINOIS.

VOL. 121.] Independent Credit Co. v. South Chi. City Ry. Co.

other suits for wages against complainant. Upon the filing of the bill and certain affidavits in support thereof an order for an injunction was made, and the Credit Company appealed.

EDWARD H. MORRIS, for appellant.

JAMES W. DUNCAN and MORGAN L. DAVIES, for appellee.

MR. JUSTICE BAKER delivered the opinion of the Court.

It is a fatal objection to the bill in this case that it discloses no equity in favor of the complainant against the defendants, or either of them.

The assignment by Shover of his wages, earned and unearned, under his existing employment by the Railway Company as collateral security for a loan made to him by the Credit Company, gave to the Credit Company the right to maintain an action against the Railway Company, in the name of Shover, for the wages due from it to Shover while any part of said loan remained due and unpaid.

The tender by Shover to the Credit Company, if it was of the full amount justly and equitably due, did not extinguish the debt due from him to the Credit Company, nor in any way affect its right to maintain a suit against the Railway Company for the wages due to Shover.

In such suit the recovery must be for all the wages due to Shover at the time the suit was brought, for the law will not permit a creditor to split a single cause of action into two or more actions. To the Railway Company it was wholly immaterial what amount is due from Shover to the Credit Company. It was sufficient that some amount was due when the judgment was rendered to give the Credit Company the right to recover, in the name of Shover, the full amount of wages due Shover at the time the suit was brought. Whatever equity may arise from the fact that the amount due from Shover to the Credit Company is less than the amount of the judgment against the Railway Company, is an equity in favor of Shover and must be asserted by him and cannot be asserted by the Railway Company.

To the contention that equity may assume jurisdiction to

prevent a multiplicity of suits, it is a sufficient answer to say that so long as any part of the loan, to secure which Shover assigned his wages, remains unpaid the Credit Company has the right to maintain successive actions for the amount due at the time of bringing suit, and that when that debt is paid the right of the Credit Company to bring suits in the name of Shover will cease; and that the question of the right of the Credit Company to sue, in the name of Shover, is a question for the court in which such suit may be brought.

The order appealed from will be reversed and the injunction dissolved.

*Reversed.*